UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| EMELDA SNYPE, | ) | CASE NO. 5:13 CV2399 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| THE CITY OF AURORA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Before the court is *pro se* Plaintiff Emelda Snype's above-captioned complaint against the City of Aurora [Ohio], Aurora Law Director Alan Shorr, HCC Insurance Vice President Darrin Lossia, HCC Insurance Attorney Wendy Drum and HCC Insurance c/o President Christopher J. B. Williams. Ms. Snype, who is a resident of Ohio, asserts this court has diversity and federal question jurisdiction over her claims against the Defendants. She argues the Defendants deprived her of due process, engaged in malicious abuse of process and intentionally inflicted emotional distress. She seeks damages totaling $14,610,000.00. For the reasons set forth below, the action is dismissed.

***Background***

The crucial facts in this case cannot be discerned from Ms. Snype's complaint. Instead, the court attempted to garner any relevant facts from her attached Exhibits, which also relate to court proceedings in the Portage County Court of Common Pleas.

Ms. Snype formerly resided at 350 Aberdeen Lane in Aurora, Ohio ("the Property"). On April 24, 2006, Deutsche Bank National Trust, as Trustee for First Franklin Mortgage Loan Trust, filed a foreclosure action against her in the Portage County Court of Common Pleas. *See Deutsche Bank v. Snype, et al.*, No. 2006 CV0451 (Portage Ct. Com. Pl.)(Enlow, J.) The action was filed to foreclose a mortgage against the Property that Ms. Snype used to secure a promissory note.

The State court entered a judgment in favor of Deutsche Bank on June 23, 2006. *Id.* The Portage County Sheriff's Office set the Property for public sale on December 18, 2006. On that date, Deutsche Bank successfully bid on the Property, but immediately assigned its rights, title and interest in the Property to First Franklin.

On January 30, 2007, Judge Enlow issued an Order, at Ms. Snype's request, staying the foreclosure action pending termination of her filing for Chapter 13 protection in bankruptcy court. *See In re: Snype*, No. 07-50142 (Bankr. N.D. Ohio Jan. 17, 2007)(Shea-Stonum, J.) The Trustee filed a Notice of Dismissal on July 12, 2007 based on Ms. Snype's failure to comply with disclosure requirements. The first bankruptcy petition was formally dismissed on September 27, 2007.[1] (Doc. No. 37.)

On December 26, 2007, the foreclosure action was reactivated. Ms. Snype then filed a

---

[1] A second bankruptcy petition was filed *pro se* by Ms. Snype on October 9, 2007. *See In re: Snype*, No. 07-53258 (Bankr. N.D. Ohio Oct. 9, 2007)(Shea-Stonum, J.) On December 4, 2007, Judge Marilyn Shea-Stonum granted Deutsche Bank's motion for relief from stay of the foreclosure action. (Doc. No. 25.)

"Notice of Removal" in the Portage County Common Pleas Court on February 1, 2008, stating she was removing the action to federal court.[2] Instead, identifying herself as "Emelda Antionette, Ms. Snype filed a separate action in this Court against Deutsche Bank's attorney, Susan Lykins,." *See Antionette v. Lykins*, No. 5:08cv0410 (N.D. Ohio filed Feb. 19, 2008)(Adams, J.)

Judge Enlow sustained the foreclosure judgment against Ms. Snype on February 4, 2008. On March 19, 2008, this Court granted the defendant's Motion and dismissed her federal complaint for failing to state a claim for relief, which Judge Endow construed as a "remand" back to Portage County. On April 28, 2008, the Writ of Possession was issued, ordering the Sheriff of Portage County to give full possession of the Property to First Franklin Finance Corp. On May 29, 2008, Judge Enlow overruled Ms. Snype's Motion for Stay of Eviction.

On or about July 22, 2008, real estate agent CeCe Fox was contacted by First Franklin and asked to file a report with the Aurora Police Department. First Franklin claimed that Ms. Snype unlawfully reentered the Property after she was evicted, her personal possessions were removed and the locks were changed. Moreover, after she reentered the Property, Ms. Snype moved her personal possessions back inside the house and changed the locks over that weekend. As a consequence, First Franklin sought to have her arrested and charged with trespass. Aurora police issued an Investigative Report, *see* Aurora Police Dept. Incident Number 08-00705, but declined to file charges. The reporting officer advised Deutsche Bank's attorney she needed to produce an Order of Eviction, Foreclosure notice and proof Ms. Snype was served a notice of eviction. Furthermore, the police advised they needed a complainant willing to formally file charges.

On October 20, 2008, Jason Whitacre of Lipton Loan Company visited the Aurora police to

---

[2]Ms. Snype did not file a Notice of Removal in this Court pursuant to 28 U.S.C. § 1446(a).

follow up on the incident at the Property. He was advised the police were still awaiting the documentation requested. Mr. Whitacre promised it would be forthcoming. Some time thereafter, the information was provided to the police. Ms. Snype also visited Aurora's police station on November 11, 2008 to drop off "paperwork to defend her side of the ownership of the property." (Aurora Police Dept. Incident No. 08-00705 of 11/11/08 at 1.) The information was added to the case file for review by the detective and prosecutor.

On January 19, 2009, Mr. Whitacre signed criminal trespass and forced burglary charges against Ms. Snype. She was found guilty of trespass and sentenced to 30 days in jail, plus a fine, on May 27, 2009. The prosecutor advised her that her family members needed to leave the Property or also risk charges of trespass.

On May 29, 2007, attorneys for the owner were escorted to the Property by Aurora police to have the locks changed. Ms. Snype's daughter, Rodneysha Adams greeted the police when they arrived. Ms. Adams was advised that she and her son, her sister, her brother, his girlfriend and their infant son needed to immediately leave the premises. The police permitted them to collect their belongings, and the family vacated the property almost two hours later. The locks were changed and the police placed a special watch on the Property. Movers were also scheduled to transport Ms. Snype's remaining possessions to a local storage facility the next day. On June 1, 2009, the police were advised by the real estate agent, and a neighbor who witness movers in the house, that items were transported from the house to storage. The complaint before this Court followed four years later.

Ms. Snype now claims, without legal support or foundation, that the defendants violated her Constitutional rights. Moreover, after she was found guilty of trespass, she questions whether Aurora police had authority to advise her family to vacate the property she was convicted of

trespassing. In support of that theory she raises the baseless claim that their Oath of Office had already "expired" on May 29, 2007.                    .

### *Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

### *Lack Diversity Jurisdiction*

Federal courts are always "under an independent obligation to examine their own jurisdiction," *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231(1990) and a federal court may not entertain an action over which it has no jurisdiction. *See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 701 (1982). It is apparent on the face of the complaint that this court lacks diversity jurisdiction.

To establish a diversity action, a plaintiff must show that the amount in controversy exceeds $75,000, and that diversity of citizenship exists. *See* 28 U.S.C. §1332. The diversity of citizenship must be complete such that all parties on one side of the controversy are of diverse citizenship from

all parties on the other side at the time the complaint is filed. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828-31 (1989). Ms. Snype identifies herself as a resident of Ohio. However, one of the four defendants she names is also a resident of Ohio. Therefore, because all parties on one side of the controversy are not diverse from the party on the opposing side, diversity jurisdiction does not exist.

### *Failure to State a Claim*

To prevail in a civil rights action under 42 U.S.C. §1983, a plaintiff must plead and prove that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution and law of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 alone creates no substantive rights; rather, it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution or federal laws. *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). The statute applies only if there is a deprivation of a constitutional right. *See e.g., Paul v. Davis*, 424 U.S. 693, 699-701(1976); *Baker*, 443 U.S. at 146-47. Thus, "[t]he first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws'" of the United States. *Baker*, 443 U.S. at 140.

Ms. Snype repeatedly levels conclusory allegations that the defendants deprived her of her right to due process. However, legal conclusions are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971) (A pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions). There are no statements or references in the complaint that set forth this court's

jurisdiction over the matter. Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id*. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id*. at 1278.

### *Conclusion*

Based on the foregoing, the complaint is dismissed with prejudice. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: 11/19/13                    /s/ John R. Adams
                                  JOHN R. ADAMS
                                  UNITED STATES DISTRICT JUDGE